### TEST AS TO WHETHER FIVE OR MORE ARE EMPLOYED.

Court of Common Pleas of Franklin County.

STATE EX REL, ETC., V. MICHAEL DERRER, ET AL.

Decided, 1919.

*Workmen's Compensation—Construction of the Phrase "Five or More" Employees—Two Operating a Farm Constitute a Partnership.*

1. Where two sons carry on the farm of their father, under an agreement to pay him one-third of the profits as rent, their relation constitutes a partnership.

2. In order to come within the workmen's compensation law, an employer must have in his service five or more men under a contract for continuous service of a character necessary to the regular conduct of the business; and where only four are employed regularly and a fifth intermittantly a case is not presented under the compensation law.

\* Affirmed by the Court of Appeals in an unreported opinion; cause certified by the Court of Appeals to the Supreme Court, which affirmed the judgment of the Court of Appeals, 101 O. S., 498.

KINKEAD, J.

The first question considered is the claim of partnership. The two sons occupied the father's farm in the business of farming and dairying, paying one-third of the profits of the business to their father. The conclusion is that there was a partnership.

The next question is whether defendants had in their service five or more workmen or operatives regularly employed, under any contract of hire.

We formed the opinion at the hearing of the case and upon the evidence that the test of the statute imposing the obligations

of the compensation law was that a firm must have in its service five or more workmen or operatives *regularly* employed under a *contract of hire continuously or regularly;* that is, the necessities of the business must require five or more men to be regularly and continuously employed and not merely casually employed; that is regularly employed every year for a regular and specific purpose which was an absolute necessary requirement of the business, as distinguished from a casual, unexpected, uncertain employment, or one which was unexpected or only occasional. It must require five men all the time or regularly in the necessary conduct of the business.

Only four men were regularly employed throughout the year; part of the time a fifth man was employed; but only for extra or special work at special periods of time; and his employment was casual.

The character of the employment and work rather than the duration of the services constitutes the test of whether the employment is *regular* or *casual.*

There must be a uniform practice or rule to employ a man for the particular service as a universal essential practice in the conduct of the business, which regular and particular service is uniformly essential in the conduct of the business, and not merely occasional.

At the time of trial of this case it seemed clear to the court that the facts developed by the evidence, and the proper deductions therefrom that this case did not come within the compensation law. On further and maturer consideration of the record and the arguments of counsel we adhere to our conclusions formed at trial, the finding and judgment being that the relator has not made a case.

The finding and judgment is in favor of defendants.